The State *v.* Parker.

THE STATE *v.* JAMES PARKER.

CRIMINAL LAW. *Indictment. Averment of time.* An indictment found on the 14th of August, 1879, and charging that the defendant committed the offense on the —— day of ——, 1879, is good under the Code, sec. 5124.

FROM M'MINN.

Appeal in error from the Circuit Court of McMinn county. D. C. TREWHITT, J.

ATTORNEY-GENERAL LEA for the State.

W. L. HARBISON for Parker.

COOPER, J., delivered the opinion of the court.

The defendant was indicted and convicted of the crime of murder in the second degree, but the court arrested the judgment and the State appealed.

The indictment was found on the 14th of August, 1879, and charges the defendant with having committed the offense "on the — day of —, 1879." The circuit judge was of opinion that this averment of the time was insufficient, and the indictment fatally defective for that reason. And an earnest argument has been submitted to us in support of this conclusion.

The Code, among other provisions intended to dispense with some of the niceties of the old forms of

indictment, which tended to favor the escape of criminals from merited punishment, enacted as follows: "The time at which the offense was committed need not be stated in the indictment, but the offense may be alleged to have been committed on any day before the finding thereof, or generally before the finding of the indictment, unless the time is a material ingredient in the offense." Code, sec. 5124. Of course, whenever time is a material ingredient in the offense it must be stated with reasonable certainty. And it has been held that the statement was material where, by reason of the fact that the prosecution of the crime was limited in time, the defendant was entitled to the benefit of something more than a general averment. *King* v. *State*, 3 Heis., 148. But even in such case, it has since been determined that the statement of the year, as in the present case, would be sufficient, the year stated being prior to the finding, and within the time prescribed for the prosecution of the offense. *State* v. *Gibbs*, 6 Baxt., 238. So, the averment, by clerical error, of an impossible date will not vitiate, if the offense be charged to have been committed previous to the indictment. *Stevenson* v. *State*, 5 Baxt., 681. The crime for which the defendant in the present instance stands charged is not one in which the time is a material ingredient, nor is there any limitation of time within which it is required to be prosecuted. No reason occurs why the statement of the year should not be sufficient, the indictment plainly showing that the crime was committed previous to its finding.

---

---

The judgment will be reversed, and a judgment entered here upon the verdict.

DEADERICK, C. J., delivered the following dissenting opinion :

I do not concur in the conclusion of the court.

At common law, the day, month and year are required to be stated. 1 Am. Cr. L., secs. 261—265. Code, sec. 5724, modifies this requirement by providing that the offense may be *alleged* to have been committed *on any day* before the finding of the indictment, or generally, "*before the finding,*" etc.

The indictment in this case names neither a day, month nor year before finding indictment. Nor does it contain any *general allegation* that the offense was committed before the finding of the indictment. So that, in my opinion, it is bad under our statute, as well as at common law, and such was the holding of this court in *King* v. *The State,* 3 Heis.